IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRADFORD REALTY SERVICES, INC. | § § § | |
| v. | § § | CIVIL ACTION NO. 3:20-cv-001659 |
| HARTFORD FIRE INSURANCE COMPANY | § § § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Bradford Realty Services, Inc., plaintiff herein, and files this Complaint against defendant Hartford Fire Insurance Company and, in support thereof, respectfully shows the Court as follows:

#### PARTIES

1. Bradford Realty Services, Inc. ("Bradford") is a corporation organized and existing pursuant to the laws of the State of Texas with its principal place of business located at 3100 McKinnon Street, Dallas, Texas 75201.

2. Hartford Fire Insurance Company ("Hartford") is a corporation organized and existing pursuant to the laws of the State of Connecticut with its principal place of business located at One Hartford Plaza, Hartford, Connecticut 06155-0001. Defendant may be served by serving its registered agent CT Corporation System, 67 Burnside Ave., East Hartford, CT 06108-3408.

#### JURISDICTION AND VENUE

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(1) because this action arises out of an actual dispute or controversy in which the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

4. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391(b)(2) because the Northern District of Texas is where a substantial part of the property that is the subject of this action is located.

## BACKGROUND FACTS

5. Bradford is the owner of a Special Multi-Flex Business Insurance Policy (hereinafter referred to as the "Policy"), which was issued by Hartford. *See* Policy (with premium information redacted), attached hereto as **Exhibit A**.

6. A building located at 1121 Rockingham Drive, Richardson, Texas 75080 (hereinafter referred to as the "Property") is specifically identified on the Policy's Schedule of Premises and Coverages. *Id*. Although Bradford Realty does not own this building, Bradford Realty has agreed to insure the building and, therefore, damage to the building is covered under the Policy.

7. During the Policy Period, on or about September 8, 2018, heavy rains hit the Dallas County area.

8. Bradford Realty subsequently filed a claim with Hartford under Claim No. CP0018034005 and Policy No. 61 UUN HZ5359.

9. On September 12, 2018, Hartford retained EFI Global to conduct an engineering assessment and determine the cause of water infiltration at Bradford Realty's Property.

10. EFI Global inspected the Property on September 19 and 20, 2018. Thereafter, it issued a report dated September 24, 2018.

11. A true and authentic copy of the EFI Global report is attached hereto as **Exhibit B**.

12. EFI Global concluded in its report that "[o]nce water backed up above the top of the flashing on the unit the water would leak into the space." (*Id.*).

13. In the "Conclusions and Recommendations" portion of its report, EFI Global states that "[l]eaking from the roof into the interior space below was the result of roof drains being clogged and water ponding at the roof top air handling unit." (*Id.*).

14. On October 4, 2018, Hartford denied Bradford Realty's claim, citing "B. Exclusions, 1.a. and 3. along with Limitations 3.a.," and stating that the Policy does "not provide coverage for damage to the interior water damage [sic], as the cause of the water entering the building was not through an opening created by a covered cause of loss." *See* Hartford's October Denial, attached hereto as **Exhibit C**.

15. Hartford further stated that "overflow drains are a code requirement." *Id.*

16. Hartford's denial was specifically based on the EFI Global report and findings. *Id.*

17. By correspondence dated September 3, 2019, Bradford Realty disputed Hartford's denial, noting that Bradford Realty "specifically purchased coverage extensions that provide coverage for this circumstance." *See* Bradford's September Response, attached hereto as **Exhibit D**.

18. On September 9, 2019, Hartford responded to Bradford Realty by stating that its coverage position remained unchanged and claiming that "[t]he source of the water that entered the building was rain water which could not enter the clogged roof drains and accumulated/ponded on the roof; not water that backed up through the roof drain system." *See* Hartford's September Denial, attached hereto as **Exhibit E**. Hartford also referenced the EFI Global report in its correspondence. *Id.*

19. On January 13, 2020, Bradford Realty provided Hartford with its notice of legal claims pursuant to Texas Insurance Code Chapter 542 and 542A. *See* Notice, attached hereto as **Exhibit F**.

20. On January 16, 2020, Hartford responded to Bradford Realty's notice letter by again denying its claim and reiterating its opinion set forth in the September denial of coverage. *See* Hartford's January Denial, attached hereto as **Exhibit G**.

21. Hartford improperly denied Bradford Realty's claim. The Policy provides coverage for "direct physical damage," unless the damage is excluded or limited in the Policy. None of the Policy exclusions or limitations cited by Hartford apply to Bradford Realty's claim.

22. Hartford wrongfully denied Bradford Realty's claim for repairs to the Property, even though the Policy provides coverage for losses such as those suffered by Bradford Realty. Furthermore, Hartford failed to pay Bradford Realty's claim by not providing full coverage for the damages sustained to the Property. To date, Hartford continues to deny payment for damages to the Property.

23. Hartford failed to perform its contractual duty to adequately compensate Bradford Realty under the terms of its Policy. Specifically, Hartford refused to pay the claim, although due demand was made for payment in an amount sufficient to cover the damaged Property, and all conditions precedent to recovery under the Policy were carried out and accomplished by Bradford Realty. Hartford's conduct constitutes a breach of the insurance contract between it and Bradford Realty.

24. From and after the time Bradford Realty's claim was presented to Hartford, its liability to pay the claim in accordance with the terms of the Policy was reasonably clear.

However, Hartford has refused to pay Bradford Realty, despite there being no basis upon which a reasonable insurance company would have relied to deny payment.

25. Because of Hartford's wrongful denial of coverage, Bradford Realty was forced to retain the professional services of the attorney and law firm representing it in this cause.

### CAUSES OF ACTION

26. Each of the foregoing paragraphs is incorporated by reference.

**A.  BREACH OF CONTRACT**

27. Hartford had a contract of insurance with Bradford Realty, which it breached by wrongfully denying the claim, thereby causing damages to Bradford Realty.

28. To date, Hartford continues to deny payment for the damages to the Property.

29. Hartford failed to perform its contractual duties to adequately compensate Bradford Realty under the terms of the Policy. Specifically, it refused to pay the claim, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Bradford Realty. Hartford's conduct constitutes a breach of the insurance contract between Hartford and Bradford Realty.

**B.  PROMPT PAYMENT OF CLAIMS**

30. The failure of Hartford to pay for the losses and/or to follow the statutory guidelines for accepting or denying coverage constitutes a violation of § 542.051 *et seq.* of the Texas Insurance Code.

31. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Bradford Realty is entitled to the amount of its claim, as well as penalties and interest per annum

on the amount of such claims as damages, together with attorneys' fees, as set forth in § 542.060 of the Texas Insurance Code.

32. Specifically, the damage to Bradford Realty's property occurred in September 2018. Accordingly, it has been well over sixty (60) days since the date the damage occurred (in accordance with § 542.058 of the Texas Insurance Code), which, in turn, causes Bradford Realty to be entitled to 18% interest and attorneys' fees as set forth in § 542.060 of the Texas Insurance Code.

## ATTORNEYS' FEES

33. Bradford Realty engaged the undersigned attorneys to prosecute this lawsuit against Hartford and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

34. Bradford Realty is entitled to reasonable and necessary attorneys' fees pursuant to Texas Civil Practice and Remedies Code §§ 38.001-003 because it is represented by an attorney, it presented a claim to Hartford, and Hartford did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

35. Bradford Realty further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to § 542.060 of the Texas Insurance Code.

## CONDITIONS PRECEDENT

36. All conditions precedent to Bradford Realty's right to recovery have been fully performed or waived by Hartford.

7373983 v1 (42340.00025.000)

**WHEREFORE,** Bradford Realty Services, Inc. prays that, upon final hearing of the case, it recover all damages from and against Hartford Fire Insurance Company that may reasonably be established by a preponderance of the evidence; that it be awarded attorneys' fees through trial and appeal, costs of court, and pre- and post-judgment interest; and prays for such other and further relief, both at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN, PC**

By:  *s/ Donald A. Waltz*
Donald A. Waltz
State Bar No. 24048061
Ashley Veitenheimer
State Bar No. 24053356
901 Main Street, Suite 5200
Dallas, Texas 75202
Phone: 214.777.4200
Fax:    214.777.4299
Email: dwaltz@krcl.com
          aveitenheimer@krcl.com

**ATTORNEYS FOR PLAINTIFF BRADFORD REALTY SERVICES, INC.**